UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| BRACIE T. WELDON,<br>    Plaintiff, | Case No. 1:18-cv-910<br>Cole, J.<br>Litkovitz, M.J. |
| vs. | |
| GREATER CINCINNATI BEHAVIORAL<br>HEALTH SERVICES,<br>    Defendant. | ORDER |

    Plaintiff brings this employment discrimination action alleging claims of race and disability discrimination against defendant, her former employer. This matter is before the Court on the briefs filed by the parties at the request of the Court on the issue of whether plaintiff's employment records from other employers are discoverable. (Docs. 47, 49). Specifically, defendant seeks employment records from the Hamilton County Coroner, Holly Hill, Lindner Center, Grace Works, Psych Pro Health, Women Helping Women, and Central Community Health Board, who are or were among plaintiff's employers immediately before, during, and after plaintiff's employment with defendant. The Hamilton County Coroner and Grace Works are companies plaintiff worked at during the same time she worked for defendant and afterwards. Psych Pro Health is the temporary employment agency that assigned plaintiff to work at Life Point, which was eventually purchased by defendant GCBH. Holly Hill, Lindner Center, and Women Helping Women were plaintiff's employers after her termination with defendant, and the Central Community Health Board is plaintiff's current employer.

    Under Fed. R. Civ. P. 26, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. . . ." Fed. R. Civ. P. 26(b)(1). Plaintiff contends the employment records sought by defendant are

not relevant and the request for records is overbroad. After review of the parties' briefs, the Court rules as follows.

**1. EMPLOYMENT RECORDS FROM EMPLOYERS IMMEDIATELY BEFORE AND DURING PLAINTIFF'S EMPLOYMENT WITH DEFENDANT**

Defendant is entitled to portions of plaintiff's employment records from employers immediately before and during plaintiff's employment with defendant. The complaint alleges that plaintiff was employed as a care manager for defendant and fully qualified for the position she held. During her employment with defendant, she was sexually assaulted by a client of defendant, resulting in anxiety and depression. Pursuant to an agreement between defendant and plaintiff, the client was allowed to continue his mental health treatment with defendant. However, as a reasonable accommodation to plaintiff, defendant agreed to notify plaintiff if and when that client came onto the premises to obtain his mental health services so she could leave and not be confronted by him when she was at work. Plaintiff alleges that defendant failed to honor the agreement despite her several complaints to defendant. She alleges that after she complained, defendant began treating her differently than her white similarly situated colleagues. Plaintiff alleges that her "manager treated her harshly, harassed her, enforced company policies and procedures differently as applied to the Plaintiff and made false allegations about her work performance." (Doc. 1, ¶ 23). Plaintiff states that she encountered her assailant on defendant's premises and experienced a panic attack, which exacerbated her PTSD. Plaintiff's physician put her on a leave of absence, but "[d]efendant refused to provide the Plaintiff with a reasonable accommodation in the form of a leave of absence" and, instead, eliminated her employment "because of her race, her actual disability and in retaliation for her filing a discrimination charge." (*Id.*, ¶¶ 23-28).

Plaintiff has put her qualifications and performance at issue in this case. Plaintiff alleges

she was treated differently because of her race and disability, and that the false performance reviews she received were attributable to alleged race discrimination and in retaliation for filing a charge of discrimination. Where an employee places his or her performance or qualifications at issue, as in this case, discovery of employment records from previous employers is relevant and discoverable. "Such records could bear on or could reasonably lead to other matters that could bear [on] the credibility of Plaintiff's allegations relating to h[er] performance, h[er] qualifications, and the legitimacy of Defendant's proffered bases for the performance ratings it assigned to Plaintiff. This Court and other trial courts within the Sixth Circuit have likewise concluded that these types of records from former employers are discoverable in employment discrimination cases." *Levitin v. Nationwide Mut. Ins. Co.*, No. 2:12-cv-34, 2012 WL 6552814, at *3 (S.D. Ohio Dec. 14, 2012) (citing numerous cases). Thus, requests for employment records relating to plaintiff's job duties, performance, discipline, and complaints are discoverable in light of plaintiff's allegations.

To the extent employment records from plaintiff's employers immediately before and during plaintiff's employment with defendant contain information other than that relating to plaintiff's job duties, performance, discipline, and complaints, defendant's request is overbroad because discovery of plaintiff's entire personnel file could reveal documents that are completely extraneous to this litigation and of a personal nature. Therefore, discovery of employment information from these employers is limited to plaintiff's job duties, performance, discipline, and complaints. However, with respect to plaintiff's employment with the Hamilton County Coroner, defendant may seek information about whether plaintiff sought an accommodation to work while employed at the Hamilton County Coroner. Defendant alleges that while plaintiff was on leave from her employment with defendant, she continued to work for the Hamilton

County Coroner at a "time her expert indicated [plaintiff] was unable to work." (Doc. 47 at PAGEID 117). Defendant seeks employment records from the Hamilton County Coroner to see whether plaintiff was given any accommodations to work at that time. This information is relevant to the defenses in this case and to the issue of damages and is therefore discoverable.

**2. EMPLOYMENT RECORDS SUBSEQUENT TO PLAINTIFF'S EMPLOYMENT WITH DEFENDANT**

Employment records relating to job title, job description, pay, and benefits are relevant to the issue of damages and mitigation of damages and are therefore discoverable. *See Levitin*, 2012 WL 6552814, at *4 (citing *Stewart v. Orion Federal Credit Union*, 285 F.R.D. 395, 399 (W.D. Tenn. 2012) (records from subsequent and current employers discoverable because such records bear on issue of mitigation of damages); *Noble v. Ruby Tuesdays Rests, Inc.,* No. 2:06-cv-259, 2007 WL 3125131, at *3 (S.D. Ohio Oct. 23, 2007) (in discrimination action, "[e]mployment records are relevant to the issues of mitigation and damages")). However, the Court is not persuaded that information about whether plaintiff requested an accommodation from other employers after she left defendant (and the Hamilton County Coroner as explained above) is relevant. Any leave of absence plaintiff allegedly requested from defendant as an accommodation prior to the elimination of her position by defendant (Doc. 1 at ¶ 27) is time-specific to defendant and to the circumstances giving rise to a flare of her PTSD condition, i.e., encountering the client who sexually assaulted her on defendant's premises allegedly as a result of defendant's failure to notify her of the client's presence. The only other accommodation plaintiff requested was to be notified when the client who assaulted her would be on the premises so she could avoid encountering him. This too is specific to the particular circumstances of her employment with defendant and the client's continued mental health treatment with defendant. Defendant has not alleged nor presented any information that any of plaintiff's other employers

4

provided treatment to the client such that a similar accommodation would have been requested. Accordingly, aside from employment records relating to job title, job description, pay, and benefits, the Court does not find that plaintiff's employment records from employers subsequent to defendant are relevant.

To the extent plaintiff has not already provided defendant with information on job title, job description, pay, and benefits from employers subsequent to defendant, this information is relevant and discoverable.

**IT IS SO ORDERED.**

Date: 9/17/2021

*Karen L. Litkovitz*
Karen L. Litkovitz
United States Magistrate Judge